IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION
CIVIL ACTION-LAW

| | | |
|---|---|---|
| Joshua Huffman | : | |
| C/O Piontek Law Office | : | |
| 58 East Front Street | : | |
| Danville, PA. 17821 | : | |
| Plaintiff | : | 23-137 |
| v. | : | |
| Trans Union, LLC | : | |
| 555 W. Adams Street | : | |
| Chicago, IL 60661 | : | Jury Trial Demanded |
| Defendant | : | |

# **COMPLAINT**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. 1681et seq. (hereinafter "FCRA").

2. Plaintiff is Joshua Huffman, an adult individual, resident of Texas with a mailing address for purposes of this litigation of 4 Orange Ct, Longview, Texas 75604

3. Defendant is Transunion, a business entity with a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

# COUNT ONE: VIOLATION OF 15 USC 1681s-2(b) of the FCRA

## Verifying a Bona Fide Disputed Account,
## But Failing to Report the Account as Disputed

4. The previous paragraphs of this Complaint are incorporated by reference and made a part of this Complaint.

5. At all times mentioned within this Complaint Transunion was a consumer reporting agency as defined by 15 USC 1681a of the Fair Credit Reporting Act.

6. At all times mentioned within this Complaint Transunion maintained a consumer file on Plaintiff as defined by 15 USC 1681a of the Fair Credit Reporting Act.

7. Prior to the filing this case, Plaintiff had an auto loan with East Texas Credit Union. The vehicle secured with said loan was totaled in an auto accident and the loan was paid off with Plaintiff's gap insurance. The vehicle was never repossessed.

8. Prior to the commencement of this action, Plaintiff noticed certain derogatory information that Defendant Trans Union, LLC had placed on Plaintiff's Trans Union consumer report indicating that said vehicle was repossessed.

9. Plaintiff then informed Defendant and East Texas Credit Union that he disputed such derogatory information based on the following legitimate bona fide grounds for disputing the account.

      a.       The vehicle was never repossessed

      b.       That he had gap insurance at the time of the accident.

10. On 08/30/2023, Plaintiff submitted a written request to East Texas Credit Union notifying them of his dispute and requesting verification.

11. After Plaintiff disputed the account with East Texas Credit Union, he then disputed it with Defendant Trans Union, LLC.

12. Defendant Trans Union, LLC received Plaintiff's written disputes depicted in the attached exhibits to this Complaint.

13. Plaintiff's Trans Union, LLC consumer disclosure indicates no evidence that Defendant followed up with a reasonable investigation of the accuracy of this item.

14. Trans Union, LLC does not purport to have investigated the disputed account.

15. Plaintiff has no record that East Texas Credit Union has verified the disputed account to Trans Union, LLC.  See attached exhibits.

16. Defendant continues to report, in error, that the vehicle was repossessed. The vehicle was not repossessed, and Plaintiff has notified both the original creditor and Defendant multiple times with no results.

17. Because Defendant failed to update Plaintiff's Trans Union, LLC consumer report to report that the account was never in repossession, any potential creditor, employer or insurer would not know that the Plaintiff's account was never in repossession status from reading Plaintiff's Trans Union, LLC consumer report.

18. Pursuant to 15 USC 1681i et. seq. Defendant was required to update Plaintiff's Trans Union, LLC consumer file to indicate that the account was never in repossession so that the information reported would be fully accurate.

19. Pursuant to 15 USC 1681e et. seq. Defendant was required to update Plaintiff's Trans Union, LLC consumer file to indicate that the account was never in repossession so that the information reported would be fully accurate.

20. Pursuant to 15 USC 1681i et. seq. Defendant was required to update Plaintiff's Trans Union, LLC consumer file to indicate that the account was disputed.

21. Pursuant to 15 USC 1681e et. seq. Defendant was required to update Plaintiff's Trans Union, LLC consumer file to indicate that the account was disputed.

22. Because there was no removal of the repossession status on the East Texas Credit Union account, Plaintiff's Trans Union, LLC consumer file is not complete or accurate.

23. Because there was no mention that the East Texas Credit Union account was disputed, Plaintiff's Trans Union, LLC consumer file is not complete or accurate.

## LIABILITY

24. The previous paragraphs of this complaint are incorporated by reference.

25. Defendant is liable for the acts committed by its agents, employees or representatives under the doctrine of respondeat superior because such agents, employees or representatives were acting within the scope of their employment with Defendant.

26. Any mistake made by Defendant would have included a mistake of law.

27. Any mistake made by Defendant would not have been a reasonable or bona fide mistake.

28. Upon information and belief, Plaintiff believes and avers that Defendant had no procedural guidelines or policy which prevented it from violating 15 USC 1681 s-2(b).

29. It is believed and averred that Defendant's violation of 15 USC 1681s-2(b) et. seq. was willful, wanton or at least reckless, and therefore the full amount of statutory damages of $1,000.00, per each count, under 15 USC 1681n is warranted, or other amount determined by this Honorable Court.

30. For purposes of a default judgment, Plaintiff demands punitive damages of $9,000.00 under the FCRA which is 9 times the amount of statutory damages sought in this case.

# JURISDICTION

31. The previous paragraphs of this Complaint are incorporated by reference.

32. Defendant regularly conducts business in this jurisdiction, and avails itself of the benefits of this jurisdiction.

33. Jurisdiction is based on 28 USC 1331 and 28 USC 1334-1337 and 15 USC 1681 et. seq.

34. Declaratory relief is available pursuant to 28 U.S.C 2201 and 2202.

35. Plaintiff suffered a concrete injury within the meaning of Article 3 of the United States Constitution when Defendant willfully reported inaccurate and incomplete information on Plaintiff's consumer report / consumer file in violation of 15 USC 1681 s-2 of the FCRA. In particular, Plaintiff was deprived of the benefit of having potential insurers, employers or lenders know that the East Texas Credit Union account had been paid in full by Plaintiff's gap insurance and was never in repossession. Because Plaintiff suffered such a concrete injury Plaintiff has standing to bring this claim in this Honorable Court.

36. Plaintiff suffered a concrete injury within the meaning of Article 3 of the United States Constitution when Defendant willfully refused to correct the blatant error on Plaintiff's credit report. In particular, Plaintiff was deprived of the benefit of having potential insurers, employers or lenders know that the account was never in repossession. Because Plaintiff suffered such a concrete injury Plaintiff has standing to bring this claim in this Honorable Court.

**VENUE**

37. The previous paragraphs of this Complaint are incorporated by reference.

38. Venue lies in this District pursuant to 28 U.S.C. §1392(b).

39. Plaintiff is a key witness and is located in this jurisdiction.

40. A substantial portion of the transaction(s), occurrence(s), act(s) or omission(s) took place at or near this jurisdiction.

41. Venue is also based on the fact that key witnesses reside(s) in this jurisdiction. Such witnesses include but are not necessarily limited to the following.

    a.    Plaintiff.

    b.    One or more similarly situated consumer witnesses who are expected to address Defendant's refusal to accurately report disputed information and Defendant's refusal to disclose the method of verification for disputed information.

## ATTORNEY FEES

42. The previous paragraphs of this Complaint are incorporated by reference.

43. Plaintiff believes and avers that Plaintiff is entitled to reasonable attorney fees for prosecuting this action pursuant to 15 USC 1681n et. seq.

44. Plaintiff believes and avers that the reasonable value of Plaintiff's services is no less than $600.00 per hour.

45. Plaintiff believes and avers that Plaintiff's is entitled to reasonable attorney fees of $4,800.00 at a rate of $600.00 per hour which includes the following.

   a. Client consultation, review of file, review of credit reports          3 hour
   b. Drafting, editing, review, filing and service of Complaint             3 hours
   c. Reasonable follow up with Defense and client                           2 hours
   
   _____
                                                                             8   hours

   6 x $800 = $4,800

46. The above stated attorney fees represent estimates of work performed up and until the filing of this Complaint as well as reasonable follow up with client and Defense.

47. Plaintiff's attorney fees continue to accrue as this case progresses.

## OTHER RELIEF

48. The previous paragraphs of this Compliant are incorporated by reference and made a part of this Complaint.

49. Plaintiff requests declaratory and injunctive relief against Defendant.

50. Plaintiff requests that Defendant will be enjoined from further unlawful reporting of the account which is the subject matter of this case.

51. Plaintiff requests tradeline deletion.

52. Plaintiff demands a jury trial in this matter.

53. Plaintiff seeks fees and costs for prosecuting this action.

54. Plaintiff seeks such other relief as this Honorable Court deems just and proper.

Wherefore, Plaintiff prays for judgment against Defendant in the amount of $14,801.00 enumerated below, or other amount determined by this Honorable Court.

$1.00 actual damages

$1,000.00 statutory damages pursuant to 15 USC 1681i, the FCRA

$9,000 punitive damages

$4,800.00 attorney fees

_____

$14,801

/s/ Vicki Piontek					11-24-2023
_____		_____

Vicki Piontek, Esquire				Date
Attorney for Plaintiff
PA Bar ID No. 83559
58 East Front Street
Danville, PA.  17821
215-290-6444
Fax: 866-408-6735
vicki.piontek@gmail.com